FILED
SCRANTON

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JUL 28 2014

PER _____
DEPUTY CLERK

WILLIAM P. MILLS, III, :
:
    Petitioner :
:
v. : CIVIL NO. 3:CV-14-0972
:
SUPT. NANCY GIROUX, et al., : (Judge Kosik)
:
    Respondents :

## MEMORANDUM

Petitioner, William P. Mills, III ("Petitioner"), a state inmate incarcerated at the State Correctional Institution at Albion, Pennsylvania, initiated this habeas corpus action pursuant to 28 U.S.C. § 2254. In the petition, he challenges his conviction for third-degree murder following a jury trial in the Court of Common Pleas of Dauphin County, Pennsylvania. Upon preliminary review of the petition pursuant to 28 U.S.C. § 2254, see R. Governing § 2254 Cases R. 4, it appeared that the petition may be barred by the statute of limitations, see United States v. Bendolph, 409 F.3d 155, 169 (3d Cir. 2005)(en banc)(holding that district courts may sua sponte raise AEDPA's one-year statute of limitations, provided that the petitioner is provided with notice and an opportunity to respond) set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). On June 20, 2014, the parties were notified that the petition appeared to be untimely, and Respondents were directed to file a response

concerning the timeliness of the petition and any applicable statutory and/or equitable tolling of the AEDPA statute of limitations. Petitioner was afforded the opportunity to file a reply. (Doc. 9). On July 11, 2014, Respondents filed a response to the court's order addressing the timeliness of the petition. (Doc. 13.) The relevant time period has expired, and Petitioner has not filed a reply to Respondents' filing. After considering the record, the habeas petition will be dismissed as untimely for the reasons set forth below.

I.   **Background**

On March 9, 2006, Petitioner was found guilty after a jury trial of third-degree murder. Sentencing was deferred until May 17, 2006, when Petitioner was sentenced by the Dauphin County Court of Common Pleas to serve 8-16 years in a state correctional institution. He was also ordered to pay fines, costs and restitution. He was given credit for time served from February 11, 2005 up until May 17, 2006.

On June 15, 2006, Petitioner filed a direct appeal with the Pennsylvania Superior Court. The Superior Court affirmed the lower court's sentence on July 10, 2007. A petition for allowance of appeal to the Pennsylvania Supreme Court was not pursued.

A petition pursuant to the Post-Conviction Relief Act ("PCRA") was filed on November 30, 2007. Counsel was appointed to file a supplemental petition. An evidentiary hearing was held on December 8, 2009. Thereafter, the PCRA court

2

entered an order on December 9, 2010, advising Petitioner of the court's intent to dismiss his PCRA petition. The PCRA petition was ultimately dismissed on January 20, 2011. Petitioner filed an appeal with the Pennsylvania Superior Court. On November 1, 2011, the Superior Court affirmed the lower court's denial of the PCRA. A petition for allowance of appeal was denied by the Pennsylvania Supreme Court on May 17, 2012.

**II.  Discussion**

The court may "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petition filed under § 2254 must be timely filed under the stringent standards set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Pub.L. No. 104-132, 110 Stat. 12214 (Apr. 24, 1996). See 28 U.S.C. § 2244(d)(1). A state prisoner requesting habeas corpus relief pursuant to § 2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . .

3

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2); see Jones v. Morton, 195 F.3d 153, 157 (3d Cir. 1999). Thus, under the plain terms of § 2244(d)(1)(A), a state court criminal judgment does not become final until appeals have been exhausted or the time for appeal has expired. See Nara v. Frank, 264 F.3d 310, 314 (3d Cir. 2001).

Petitioner was sentenced on May 17, 2006. He filed a direct appeal with the Pennsylvania Superior Court, and the conviction and sentence were affirmed on July 10, 2007. Thus, for purposes of calculating the federal limitations period, the sentence became final thirty (30) days later, on August 10, 2007, the expiration of the time period when Petitioner could have pursued an appeal with the Pennsylvania Supreme Court. The one-year federal limitations period began to run at this time, and was set to expire on August 10, 2008. However, the Court's analysis does not end here. Consideration of both statutory and equitable tolling must be undertaken.

### A. Statutory Tolling

Section 2244(d)(2) tolls the statute of limitations with respect to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). While it is true that a properly filed PCRA petition tolls the running of AEDPA's statute of limitations, the PCRA petition must be filed before the

4

limitations period runs out, otherwise there is nothing left to be tolled. See Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001)("'properly filed' state-court [post-conviction] petitions must be 'pending' in order to toll the limitations period. A petition that is timely under state law is "properly filed." Pace v. DiGuglielmo, 544 U.S. 408 (2005). Pursuant to Pennsylvania law, a petition for post-conviction relief is timely if "filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1).

The federal limitations period in the instant case began to run on August 10, 2007, and was set to expire on August 10, 2008. However, approximately 113 days into this period, on November 30, 2007, Petitioner filed a timely PCRA petition with the Court of Common Pleas of Dauphin County. As such, the statute of limitations became tolled at this point. The Superior Court affirmed the denial of post-conviction relief on November 1, 2011, and the Pennsylvania Supreme Court denied his petition for allowance of appeal on May 17, 2012. Thus, it was at this time that the federal statute of limitations period once again began to run for purposes of filing the instant federal habeas corpus petition. At this point, Petitioner had approximately 252 days remaining (365 days minus 113 days) of the one-year federal limitations period in which to file his habeas corpus petition, until January 23, 2013. The instant federal habeas petition was not filed until May 21, 2014, and is clearly untimely.

**B.    Equitable Tolling**

Equitable tolling of the limitations period is to be used sparingly and only in "extraordinary" and "rare" circumstances. See Satterfield v. Johnson, 434 F.3d 185, 195 (3d Cir. 2006); LaCava v. Kyler, 398 F.3d 271, 274-75 (3d Cir. 2005). It is only in situations "when the principle of equity would make the rigid application of a limitation period unfair" that the doctrine of equitable tolling is to be applied. See Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003). Generally, a litigant seeking equitable tolling must establish two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

With respect to the diligent pursuit of rights, Petitioner must demonstrate that he exercised reasonable diligence in investigating and bringing the claims. See Robinson v. Johnson, 313 F.3d 128, 142 (3d Cir. 2002). Mere excusable neglect is not sufficient. See LaCava, 398 F.3d at 276. Moreover, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." Warren v. Garvin, 219 F.3d 111, 113 (3d Cir. 2000)(quoting Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000)).

Petitioner sets forth no viable arguments in support of a finding that equitable tolling of the AEDPA statute of limitations is warranted in this case. He has not submitted a reply to Respondents' filing establishing that his petition is time-barred. Further, in the section of his habeas petition entitled "Timeliness" where he is asked

6

to explain why the statute of limitations contained in 28 U.S.C. § 2244(d) does not bar his petition, he merely states that he is a layman of the law, he is legally innocent of his charges and his trial counsel was ineffective. (Doc. 1 at 14.) These general assertions neither establish that Petitioner diligently pursued his rights, nor that any extraordinary circumstance stood in the way of his timely pursuing his federal habeas corpus petition. For these reasons, the Court finds no basis for equitable tolling, and the instant petition will be dismissed as untimely.

### III.  Certificate of appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of

reason would find it debatable whether the district court was right in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the procedural disposition of this case debatable. Accordingly, no COA will issue.

An appropriate order follows.