# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM MILLS, III,** | : | CIVIL NO. 3:14-CV-972 |
| Petitioner, | : | (Judge Kosik) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **NANCY GIROUX, et al.,** | : | |
| Respondents. | : | |

## REPORT AND RECOMMENDATION

I.  **Statement of the Case**

This habeas corpus petition comes before us on an unusual posture. The petitioner, William Mills, is a state prisoner who was found guilty after a jury trial of third-degree murder in 2006, some ten years ago. On May 17, 2006, petitioner was sentenced by the Dauphin County Court of Common Pleas to serve 8-16 years in a state correctional institution. On June 15, 2006, Mills filed a direct appeal with the Pennsylvania Superior Court. The Superior Court affirmed the lower court's sentence on July 10, 2007. A petition for allowance of appeal to the Pennsylvania Supreme Court was not pursued by Mills. However, a petition pursuant to the Post-Conviction Relief Act ("PCRA") was filed by Mills on November 30, 2007. Counsel was appointed to file a supplemental petition, and an evidentiary hearing was held on December 8, 2009. Thereafter, the PCRA court entered an order on December 9,

2010, advising petitioner of the court's intent to dismiss his PCRA petition. The PCRA petition was ultimately dismissed on January 20, 2011.

Mills filed an appeal with the Pennsylvania Superior Court, but on November 1,2011, the Superior Court affirmed the lower court's denial of the PCRA petition. A petition for allowance of appeal was denied by the Pennsylvania Supreme Court on May 17,2012. More than two years then passed without any action on Mills' part to further litigate this matter, until May 21, 2014, when Mills filed a petition for writ of habeas corpus with this court. (Doc. 1.)

On July 28, 2014, we dismissed this petition, finding that Mills' petition was time-barred. (Doc. 16.) Mills sought to appeal this ruling, but on April 10, 2015, the court of appeals denied this appeal, noting that his "request for a certificate of appealability is denied. See 28 U.S.C. § 2253. Mills has failed to show that jurists of reason would debate the District Court's decision to dismiss his 28 U.S.C. § 2254 petition as untimely. See 28 U.S.C. § 2244(d); Slack v. McDaniel, 529 U.S. 473, 484 (2000). Mills's petition fails for substantially the same reasons given by the District Court." (Doc. 18.)

Another nine months then elapsed before Mills filed the instant motion to re-open his case. (Doc. 19.) This motion seeks to re-open this case based upon equitable tolling arguments that have been considered and rejected in this past, none of which

provide an adequate justification or excuse for Mills two year delay in seeking federal habeas relief. Mills then couples these discredited legal arguments with a false factual chronology of this litigation in a manner which is wholly unpersuasive and unavailing. Accordingly, for the reasons set forth below, it is recommended that this motion be denied.

## II. Discussion

### A. Rule 60–The Legal Standard

Rule 60 of the Federal Rules of Civil Procedure provides, in part, as follows:

**(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.**

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons;

**(1)** mistake, inadvertence, surprise, or excusable neglect;

**(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

**(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

**(4)** the judgment is void;

**(5)** the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

**(6)** any other reason that justifies relief.

> **(c) Timing and Effect of the Motion.**
>
> **(1) *Timing.*** A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

Fed. R. Civ. P., Rule 60(b) and (c).

As the text of this rule implies, decisions regarding whether to re-open cases under Rule 60, rest "within the discretion of the trial court [although] [i]t is the trial judge's duty to construe the rule liberally in order to work substantial justice between the parties." Home Box Office, Inc. v. Spectrum Electronics, Inc., 100 F.R.D. 379, 382 (E.D. Pa. 1983). In exercising this discretion, however, "the court must balance the ends of justice on the one hand, . . . , and the public interest in the finality of judgments on the other." Aetna Cas. & Sur. Co. v. Home Ins. Co., 882 F. Supp. 1355, 1356 (S.D.N.Y. 1995). Because one of the cardinal considerations in assessing a Rule 60 motion is the public interest in the finality of judgments, Rule 60 motions must be made in a timely fashion. As the Rule itself states: "A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P., Rule 60(c).

Here, Mills' motion to re-open cites Rule 60(b)(6), as the principal legal grounds upon which the plaintiff seeks to re-open this case. Thus, Mills seeks relief

under the catch-all provision of Rule 60(b), Rule 60(b)(6), which permits relief on "any other reason that justifies relief." Unlike other Rule 60(b) motions, motions brought pursuant to Rule 60(b)(6) are not subject to a strict 1-year limitations period. However, "A motion under the 'catchall' provision contained in Rule 60(b)(6) also must be made 'within a reasonable time.' Relief under Rule 60(b)(6) requires a showing of '"extraordinary circumstances' justifying the reopening of a final judgment"'" Arrieta v. Battaglia, 461 F.3d 861, 865 (7th Cir. 2006)(citations omitted).

> A determination of:
>
> What constitutes a "reasonable time" depends on the circumstances of each case. Delzona Corp. v. Sacks, 265 F.2d 157, 159 (3d Cir.1959). A court considers many factors, including finality, the reason for delay, the practical ability for the litigant to learn of the grounds relied upon earlier, and potential prejudice to other parties. Kagan v. Caterpillar Tractor Co., 795 F.2d 601, 610 (7th Cir.1986); Ashford v. Steuart, 657 F.2d 1053, 1055 (9th Cir.1981). What constitutes a "reasonable time" also depends on which Rule 60(b) clause a claimant is trying to avail. We have noted that relief under Rule 60(b)(6) is extraordinary because it can be given for "any other reason justifying relief" and is not subject to an explicit time limit. Coltec Indus. Inc. v. Hobgood, 280 F.3d 262, 273 (3d Cir.2002). Therefore, a claimant must establish exceptional circumstances justifying the delay for filing under Rule 60(b)(6).

In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Prod. Liab. Litig., 383 F. App'x 242, 246 (3d Cir. 2010).

One aspect of this showing of "exceptional circumstances justifying the delay for filing under Rule 60(b)(6)," is that a movant under Rule 60(b)(6) must show that he "has exercised due diligence to ascertain whether the judgment has been entered

or has given sufficient reason for the lack of such diligence." Spika v. Vill. of Lombard, Ill., 763 F.2d 282, 285 (7th Cir. 1985). Furthermore, "relief under Rule 60(b)(6) is extraordinary because it can be given for 'any other reason justifying relief' and is not subject to an explicit time limit. Coltec Indus. Inc. v. Hobgood, 280 F.3d 262, 273 (3d Cir.2002). Therefore, a claimant must establish *exceptional circumstances* justifying [such relief]. " In re Diet Drugs Prod. Liab. Litig., 383 F. App'x 242, 246 (3d Cir. 2010)(emphasis added).

### B. Mills' Rule 60(b)(6) Motion Fails

In this case, Mills' motion completely fails to demonstrate either the type of extraordinary degree of diligence or the exceptional circumstances necessary to justify the belated filing of a motion to re-open under Rule 60(b)(6). Indeed, rather than displaying extraordinary diligence, Mills' approach to this matter is marked by striking indolence. Indeed, Mills allowed two years to pass, and the statute of limitations to run on his original habeas claims through his inaction. The grounds now cited by Mills in his motion to re-open these claims which were time-barred by his prior inaction relate to alleged failures by his state appeals and post-conviction counsel. However, to the extent that Mills cites these alleged shortcomings by state counsel, he describes events which transpired between 2006 and May, 2012. Thus, none of the

events alleged by Mills explains or justifies his complete failure between 2012 and 2014 to act in a timely fashion in filing this federal habeas corpus petition.

Further, once Mills is denied federal habeas corpus relief under the applicable statute of limitations in 2014 due to his inaction, and that decision is affirmed in April of 2015, he displayed further inexplicable indolence, allowing more than nine months to elapse before filing this petition to re-open his case. By any standard, such lethargy in the face of facts known to Mills cannot be regarded as diligence, and cannot sustain Mills' burden of "establish[ing] exceptional circumstances justifying the delay for filing under Rule 60(b)(6)." In re Diet Drugs Phentermine/Fenfluramine/Dexfenfluramine) Prod. Liab. Litig., 383 F. App'x 242, 246 (3d Cir. 2010).

More fundamentally, Mills' motion to re-open fails on its merits because this belated Rule 60 pleadings actually misstate the factual chronology of this litigation. According to Mills, if his state counsel had acted properly, his time for filing a federal habeas corpus petition under AEDPA's statute of limitations would have been extended to August 17, 2013. (Doc. 19, ¶11.) Mills then claims that he filed his federal petition on May 21, 2013, which according to Mills' revisionist math would have rendered the petition timely. (Doc. 19, ¶12.)

The simple rejoinder to this argument is that Mills' statements are false. He did *not* file this federal habeas corpus petition on May 21, 2013, as he now claims in an effort to cobble together a valid post-conviction claim. Instead, he filed this petition

*one year later, on May 21, 2014.* (Doc. 1.) Therefore, even under the new tolling chronology presented by Mills, which endeavors to extend the deadline for this habeas corpus petition to August 2013, the instant petition remains time-barred.[1] Given this undeniable fact, Mills has not demonstrated the type of exceptional circumstances which warrant Rule 60 relief and this motion to re-open judgment should be denied.

### III. Recommendation

Accordingly, for the foregoing reasons, IT IS HEREBY RECOMMENDED THAT the petitioner's motion to re-open (Doc.19.) be DENIED.

The parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28

---

[1] Further, Mills' efforts to rely upon Martinez v. Ryan, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (2012), to revive untimely habeas corpus claims under Rule 60 are entirely unpersuasive. While Martinez may permit some limited consideration of layered ineffectiveness of counsel claims under Rule 60, it is clear that: "the jurisprudential change rendered by Martinez, without more, does not entitle a habeas petitioner to Rule 60(b)(6) relief." Cox v. Horn, 757 F.3d 113, 124 (3d Cir. 2014), cert. denied sub nom. Wetzel v. Cox, 135 S. Ct. 1548, 191 L. Ed. 2d 663 (2015). Therefore: "[a] court need not provide a remedy under 60(b)(6) for claims of dubious merit." Id. at 124-25.Further, "[a] movant's diligence in pursuing review of his ineffective assistance claims is also an important factor. Id. at 126. Here, Mills' Rule 60 motion has been presented in a tardy fashion, years after our dismissal of this petition as untimely and the Supreme Court's decision in Martinez. Moreover, this belatedly ineffectiveness claim, by Mills' own admission, only extends AEDPA's statute of limitations to August 2013. Therefore, even if we accepted Mills' argument, his petition–which was filed in May 2014– would still be time-barred. Given these immutable facts, Mill's claims continue to fail even when viewed through the prism of the Martinez decision.

U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 31st day of May 2016.

*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge